**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-6693**

———————

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

GREGORY LEE RUTHERFORD,

                                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:00-cr-00009-11; 1:03-cv-00066)

———————

Submitted: June 15, 2006              Decided: June 21, 2006

———————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Gregory Lee Rutherford, Appellant Pro Se.  Amy Elizabeth Ray,
OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gregory Lee Rutherford seeks to appeal the district court's order dismissing his Rule 60(b) motion challenging the denial of his 28 U.S.C. § 2255 (2000) motion. The court found the motion was successive. An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude Rutherford has not made the requisite showing.

Additionally, we construe Rutherford's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). To obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously

unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Rutherford's claim does not satisfy either of these conditions.

For these reasons, we deny a certificate of appealability, decline to authorize Rutherford to file a successive § 2255 motion, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>